UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| DOUGLAS R. FLAMBOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-1235 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On April 20, 2015, this Court entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 17). The matter is now before the Court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 18). For the reasons set forth herein, I recommend that plaintiff's motion be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $3,070.00.

# **Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014). Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA.

Defendant offers no special circumstances that might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541

U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Accordingly, plaintiff is entitled to an award of attorney's fees under the EAJA.

## 1.    Hours Claimed

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 40.8 hours in attorney time and 7.1 hours for paralegal time. (ECF No. 19, PageID.118; ECF No. 19-5, PageID.1135-36; ECF No. 19-6, PageID.1138-40; ECF No. 21, PageID.1155).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for DIB and SSI benefits is in the range of 15 to 30 hours. *See Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at * 2 (W.D. Mich. May 8, 2013); *see also Fredericks v. Commissioner*, No. 1:12-cv-1234, 2014 WL 4057794, at * 2 (W.D. Mich. Aug. 14, 2014); *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no

discovery, and follow a precise briefing schedule[.]" *Flamboe v. Commissioner*, 2013 WL 1914546, at * 2 (quoting *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL1063476, at *4 (S.D. Ohio   Mar. 14, 2013)).

Here, the hours expended should have been significantly lower because the same law firm represented plaintiff in this Court on his claim for DIB and SSI benefits in Case No. 1:12-cv-606.   When the brief filed in this case is compared to its predecessor, it is evident that the changes made were very minor.   For example, one paragraph was added to the section labeled "Procedural Status" and two paragraphs were added to the discussion of medical evidence in plaintiff's "Statement of Facts." (ECF No. 13, PageID.1085-86, 1088, 1094)

Moreover, the hours claimed by plaintiff are excessive.   This case did not involve any novel or complex legal questions.   Arguments regarding medical improvement, the treating physician rule, residual functional capacity, and credibility are routine.   Here, the arguments were largely duplicative of those plaintiff's attorneys presented in Case No. 1:12-cv-606.   Further, no time expended in this case can be attributed to preparing a reply brief because the Commissioner stipulated to a remand of this matter under sentence four of 42 U.S.C. § 405(g). (ECF No. 14).

Sixteen hours, two full eight-hour days of attorney time, is the upper limit of a reasonable amount of time to update the earlier brief to reflect subsequent events, to modify the arguments presented, and to update plaintiff's earlier application for attorney's fees under the EAJA.   Plaintiff's claim with regard to paralegal hours is

similarly inflated and it should be reduced by approximately 50 percent. Secretarial, clerical and other office overhead costs are not recoverable. *See Flamboe v. Commissioner*, 2013 WL 1914546, at * 2; *see also Neil v. Commissioner*, 495 F. App'x 845, 486 (9th Cir. 2012); *Spiller v. Commissioner*, 940 F. Supp.2d 647, 651 (S.D. Ohio 2013). I recommend that plaintiff's attorneys receive credit for 16 attorney hours and 3.6 paralegal hours reasonably expended in representing plaintiff in this matter.

## 2. Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover attorney's fees at a rate of $185.18 for work performed in this Court. (ECF No. 19 at 3, Page ID 1117). The requested rate is far above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125-per-hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's motion (ECF

No. 18) is not supported by an accompanying brief. This is a sufficient basis for denying plaintiff's motion in its entirety. Rule 7.1 of the Local Civil Rules requires that "[a]ll motions, except those made during a hearing or trial, shall be accompanied by a supporting brief." W.D. MICH. LCIVR 7.1(a). Inserting arguments into two paragraphs of what purports to be an attorney's "affidavit" does not suffice. (*See* Olinsky Aff. ¶¶ 7-8, PageID.1117-1118). It is plaintiff's burden to present his legal authority, argument, and evidence supporting the hourly rate claimed in his initial brief. He cannot delay the presentation of argument until a reply brief, thus depriving the Commissioner of the opportunity to file a response.

Plaintiff's attorneys argue that they should receive an increased hourly rate based on inflation and the Consumer Price Index. (Olinsky Aff. ¶¶ 7-8, PageID.1117-1118; Reply Brief, ECF No. 21). In *Bryant*, the Sixth Circuit held that this was not sufficient evidence to carry the plaintiff's burden. *Id.* at 450; *accord Howe v. Commissioner*, No. 1:13-cv-1099, 2015 WL 4922395, at * 2 (W.D. Mich. Aug. 18, 2015); *Thompson v. Commissioner*, No. 1:13-cv-1027, 2014 WL 4080417, at * 1 (W.D. Mich. Aug. 14, 2014); *Flamboe v. Commissioner*, 2013 WL 1914546, at * 3.

Plaintiff's attorneys' argument that attorneys are generally not willing to accept representation of claimants in federal court at an hourly rate of anything less than $185.18 is not persuasive. In recent years, the Court has received an unprecedented number of social security lawsuits brought by individuals represented by attorneys from Michigan and across the country. Plaintiff's attorneys' offices are located in Syracuse, New York. Plaintiff's attorneys received

compensation at the $125 per hour rate totaling $4,512.50 in EAJA attorney's fees in connection with an earlier lawsuit filed by this claimant, *see Flamboe v. Commissioner*, 2013 WL 1914546, at * 3, and they were nonetheless willing to represent him in a second lawsuit in this Court without any assurance of compensation at a rate above the statutory cap. Suffice it to say that plaintiff's attorney's decision to avoid reference to the *Flamboe* decision in all filings related to the present claim for EAJA attorney's fees does not inspire confidence in their exercise of the duty of candor to bring adverse legal authority to the Court's attention. *See e.g., Amoco Oil Co. v. United States*, 234 F.3d 1374, 1378 (Fed. Cir. 2000); *Gillespie v. Liberty Life Assurance Co. of Boston*, No.1:10-cv-388, 2011 WL 590369, at * 3 n.1 (W.D. Mich. Feb. 10, 2011).

No consensus has emerged in this Court regarding whether the State Bar of Michigan's Economics of Law Practice Survey is sufficient evidence to justify a departure above the statutory $125 per hour cap to an hourly rate of up to $175 per hour. *Compare Sorensen v. Commissioner*, No. 1:14-cv-719, 2015 WL 1003098, at * 2-4 ($125 per hour) *with Shellman v. Commissioner*, No. 1:13-cv-959, 2014 WL 1875107, at * 2 (W.D. Mich. May 8, 2014) ($175 per hour). Nevertheless, the decision whether to make any adjustment within this relatively narrow range of hourly rates would appear to fall well within this Court's discretion. *DeLong v. Commissioner*, 748 F.3d at 725.

In *Thompson v. Commissioner*, Judge Jonker found that the State Bar survey did not warrant a rate above the statutory cap:

> The Michigan Bar survey of attorney rates is [] insufficient. In the first place, the survey is fairly generic and does not in any way drill down to social security practitioners specifically. Moreover, a market rate survey is not necessarily probative of a fair rate of compensation under the EAJA. There certainly does not appear to be a shortage of practitioners ready to take on the Commission for a chance at the EAJA rate. Finally, the Commissioner's acquiesce is not decisive. The Court has an independent obligation to evaluate the rates.

2014 WL 4080417, at * 1.

In *Harrington v. Commissioner*, 1:13-cv-1373, 2015 WL 1781480, at * 2 (W.D. Mich. Apr. 20, 2015), Judge Neff noted that it is not sufficient to simply point to other cases where rates higher than the statutory cap were approved. Judge Neff and other judges of this Court have recently approved an hourly rate as high as $175 per hour, but it is not a default rate, and each application must be evaluated on its own merit. *See Havens v. Commissioner*, No. 1:13-cv-938, 2015 WL 5918736, at * 2-3 (W.D. Mich. Oct. 9, 2015); *accord Malone v. Commissioner*, No. 1:13-cv-821, 2015 WL 6159404, at * 2 (W.D. Mich. Oct. 20, 2015); *Bradford v. Commissioner*, No. 1:14-cv-1061, 2015 WL 5793302, at * 2-3 (W.D. Mich. Oct. 1, 2015); *Martin v. Commissioner*, 1:12-cv-1030, 2015 WL 3513770, at * 2-3 (W.D. Mich. June 4, 2015).

The combination of the evidence plaintiff presented and the recent decisions of this Court cited above support a $175 rate under the EAJA. Multiplying the 16 hours reasonably expended by counsel by the $175 per hour rate results in a $2,800.00 total.

A reasonable rate for the paralegal services performed in this matter is $75 per hour. *See Durtche v. Commissioner*, No. 1:12-cv-1181, 2015 WL 1211183, at * 2 (W.D. Mich. Mar. 17, 2015); *Mathis v. Commissioner*, No. 1:13-cv-256, 2014 WL 4187368, at * 3 (W.D. Mich. Aug. 21, 2014). Multiplying the 3.6 hours by this hourly rate results in a total of $270.00 for the paralegal work performed in this matter. I find that plaintiff is entitled to an award of EAJA attorney's fees in the amount of $3,070.00 for the reasonable attorney's and paralegal fees expended in this matter.

### 3.    Judgment

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney. (ECF No. 18, PageID.1113; ECF No. 19, PageID.1119). The EAJA provides in pertinent part that the Court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 560 U.S. at 591-93. "Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees." *Flamboe v. Commissioner*, 2013 WL 1914546. at * 3. "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay [his] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring). "Plaintiff's contractual obligations to his attorney are

not part of this case." *Flamboe v. Commissioner*, 2013 WL 1914546, at * 3; *see Drew v. Commissioner*, No. 1:13-cv-1135, 2014 WL 6680243, at * 2 (W.D. Mich. Nov. 25, 2014).

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court enter an order granting plaintiff's motion in part and denying it in part, and that the Court enter a judgment in plaintiff's favor against defendant in the amount of $3,070.00.


Dated:    January 11, 2016    /s/   Phillip J. Green
                                       United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice.   *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).